972 F.2d 354
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Mark KNOOP, Appellant,
v.
Terry MORROW, Sheriff; Allen Whittmer, Deputy; Deputy White;
Deputy Wesley, Appellees.
 No. 90-2761.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 13, 1992.
Filed: July 27, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Mark Knoop appeals from the district court's decision granting summary judgment to the appellees in Knoop's section 1983 action. Finding no merit in any of Knoop's arguments, we affirm.
 
 
 2
 The facts of this case are not in dispute. On November 24, 1988, Knoop was arrested for assaulting his estranged wife and her friend at his wife's home. Knoop was initially charged with first-degree burglary and was admitted into the general jail population at the Henry County Jail. Five days later, based on the incident at his wife's home, Knoop was charged with two counts of assault while participating in a felony and one count of attempted murder.
 
 
 3
 It is a policy of the Henry County Jail, as well as a requirement of the Iowa Administrative Code, that prisoners "from whom violence is reasonably anticipated" are kept physically segregated from the general prison population.[1] In 1987, the Iowa Department of Corrections chastised Sheriff Morrow for failing to separate an inmate charged with murder from a minister incarcerated for failing to send his children to a public school. Following that incident, Sheriff Morrow routinely placed those inmates charged with violent crimes in administrative segregation. In accordance with this policy, the appellants segregated Knoop from the general jail population after he was charged with attempted murder. Except for the fact that he could not interact with the other prisoners, the conditions of Knoop's confinement did not change after he was segregated. Knoop remained in segregation until he was released from prison in May 1989.
 
 
 4
 Knoop claims that he was denied due process when he was transferred from the general jail population to a single cell without notice or hearing.[2] It is well established that a hearing is required before an inmate may be "deprived of privileges or placed in a special confinement status in order to punish him for past misconduct ...." Jones v. Mabry, 723 F.2d 590, 594 (8th Cir. 1983), cert. denied, 467 U.S. 1228 (1984) (emphasis added). Knoop does not contend, however, that his segregation was punitive in nature. He argues instead that the Henry County segregation policy and the corresponding provision of the Iowa Administrative Code create a liberty interest in remaining in the general prison population. See Clark v. Brewer, 776 F.2d 226, 230 (8th Cir. 1985); Hewitt v. Helms, 459 U.S. 460, 472 (1983).
 
 
 5
 We need not decide whether the prison policy at issue here created a liberty interest. Under the policy, as applied by Sheriff Morrow, prisoners charged with attempted murder were segregated from the general prison population. This practice is reasonably related to the legitimate government objective of protecting the safety of all inmates and is well within the discretion of prison authorities. See Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984); Hewitt, 459 U.S. at 468-470. A hearing would have served no purpose in this case; it is undisputed that Knoop was charged with attempted murder and thus fell within the class of prisoners covered by the Henry County segregation policy. The appellees, therefore, did not violate Knoop's liberty interests by segregating him from the rest of the prisoners.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Henry County policy mirrors Iowa Admin. Code r. 291-50.13(1)(d) (1983), which states that three classes of inmates "shall be kept physically separated: (1) Persons of whom violence is reasonably anticipated. (2) Persons who are a health risk to others. (3) Persons of whom sexually deviant behavior is reasonably anticipated."
 
 
 [2]
 Knoop also claims that the Henry County Jail's policies regarding telephone use by prisoners violated his civil rights. We have considered this argument carefully, and find it to be without merit